UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**IDALYS TORRES RIVERA,**     )
                              )
      **Plaintiff,**         )
                              )
v.                            )     Case No. 24-CV-00118-CVE-SH
                              )
**CHARO NAIFEH,**             )
**CASA LIGHT REALTY, LLC, and** )
**PLATINUM INVESTMENT GROUP, LLC,** )
                              )
      **Defendants.**        )

## OPINION AND ORDER

Before the Court is plaintiff Idalys Torres Rivera's motion to remand (Dkt. # 7). Defendants have not filed a response, and the time to do so has expired. Plaintiff asks the Court to remand the case based on defendants' untimely notice of removal. For the reasons set forth below, the Court grants plaintiff's motion to remand.

On July 27, 2023, plaintiff filed a petition in the District Court of Tulsa County, Oklahoma, alleging various claims, including a violation of the Fair Housing Act of 1968 (count three). Dkt. # 2, at 9. On October 25, 2023, defendant Casa Light Realty ("Casa") filed an answer and counterclaim, and defendant Charo Naifeh filed a motion to dismiss. Dkt. # 7, at 1-2. On November 13, 2023, defendant Platinum Investment Group, LLC, also filed a motion to dismiss. Id. at 1. The state court held a hearing on January 30, 2024, in which it granted the defendants' motions to dismiss and granted plaintiff leave to amend her petition. Id. at 2. Plaintiff filed an amended petition on February 29, 2024, in which she again alleged a violation of the Fair Housing Act of 1968 (count three). Dkt. # 1-18, at 11. The amended claim contained only minor edits to her initial claim. On March 20, 2024, Naifeh and Casa filed a notice of removal under 28 U.S.C. § 1446(b),

asserting that plaintiff's Fair Housing Act violation claim–presented in her amended petition–raised a federal question.[1] Dkt. # 1.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). "[F]ederal courts must . . . resolve all doubts against removal." Garcia v. Martinez, 414 F. Supp. 3d 1348, 1353 (D.N.M. 2019) (citing Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982)). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required." Id. Whether courts have federal-question jurisdiction is determined by the "well-pleaded complaint rule," which requires the federal question to be presented on the face of plaintiff's complaint. Id. If a plaintiff's complaint properly presents a federal question, the defendant must file a notice of removal within thirty days of receipt. 28 U.S.C. § 1446(b)(1). If removal is untimely, federal courts lack jurisdiction.

Defendants' removal is untimely because plaintiff's initial petition triggered the thirty-day clock. Plaintiff's initial petition alleged a violation of the Fair Housing Act, 42 U.S.C. § 3601 et

---

[1] All defendants consented to the notice of removal. See Dkt. # 1, at 2.

2

seq., which plainly presented a federal claim.  See Dkt. # 2, at 9; Dkt. # 1-18, at 11.  Her initial petition was unambiguous and clearly cited the federal statute.  See Aranda v. Foamex Int'l, 884 F. Supp. 2d 1186, 1199 (D.N.M. 2012) ("The Tenth Circuit has [] elaborated that, for the thirty-day period to begin to run, this court requires clear and unequivocal notice from the initial pleading itself.") (internal quotations omitted).  Defendants filed their notice of removal on March 20, 2024, nearly eight months after plaintiff filed her initial petition.  Defendants' removal was therefore untimely.

That defendants filed a notice of removal within thirty days of plaintiff's amended petition does not render their removal timely.  Title 28 U.S.C. § 1446(b) provides that a defendant may file a notice of removal within thirty days of an amended petition only "if the case stated by the initial pleading is not removable."  As established above, plaintiff's initial petition was removable.  The mere fact that the state court granted plaintiff leave to amend her complaint does not affect the removability of her initial petition.  Moreover, by proceeding to file motions to dismiss and counterclaims, defendants demonstrated a clear intent to remain in state court, effectively waiving their right to removal.  See Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 n.7 (10th Cir. 1998) (citing Scholz v. RDV Sports, Inc., 821 F. Supp. 1469, 1471 (M.D. Fla. 1993)) (noting that a defendant waives its right to remove when a plaintiff's initial pleading is removable and the defendant proceeds to defend the action in state court).  Defendants have since failed to respond, or otherwise establish that removal was proper.  See Aranda, 884 F. Supp. 2d at 1198 ("The removing defendant bears the burden of establishing that removal is proper.").  Given the limited scope of federal jurisdiction, the Court must resolve all doubts against removal and remand the case.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Dkt. # 7) is **granted**, and this matter is **remanded** to the District Court of Tulsa County.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (Dkt. # 11) remains **pending.**

**DATED** this 15th day of April, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE